IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>TENELL DALTON,<br><br>Appellant.<br><br>ONEWEST BANK, FSB, or its Successor or Assignee,<br><br>Appellee, | Civil Action No. 12-1182<br><br>Bankruptcy No. 12-20004 (JKF) |

### MEMORANDUM ORDER

AND NOW, this 23rd day of August, 2012, upon consideration of the Motion for Reconsideration and Motion for Leave to Submit Designation of the Record and Statement of the Issues *Nunc Pro Tunc* by Appellant Tenell Dalton (Docket No. [3]),

IT IS HEREBY ORDERED that the Motion [3] is GRANTED, IN PART, and DENIED, IN PART.  In so holding, the Court notes the following:

1. Appellant's Motion [3] is granted to the extent that the Court will reconsider its August 21, 2012 Order and evaluate the six factors under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) prior to dismissing the present matter, i.e., 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.  *See in re Mondelli*, 349 F. App'x 731, 732-33 (3d Cir. 2009).  It is well-settled that although a court must weigh each of the six factors, it is not necessary to find that all six factors are present prior to dismissing

the action. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). The Court will also discuss the contention of Appellant's Counsel that his failure to prosecute this appeal constitutes "excusable neglect" under *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380 (1993). In this Court's estimation, after applying the *Poulis* factors and considering the arguments as to "excusable neglect" in the manner described below, dismissal of this case remains appropriate.

a. *Party's Personal Responsibility*

The Court first finds that, based on his representations in the present motion, Appellant's Counsel was solely responsible for failing to timely file the required documents before the Bankruptcy Court under Rule 8006 of the Federal Rules of Bankruptcy Procedure. (*See* Docket No. 3). While there is no evidence that Appellant Tenell Dalton was responsible for the failures of Appellant's counsel, the notices sent by the Bankruptcy Clerk, which are more fully described below, show that they were mailed to Dalton at 126 Broadcrest Drive, Pittsburgh PA 15237-1017.[1] (Docket Nos. 1-16, 1-17, 1-22, 1-23). Thus, Appellant was presumably aware of counsel's failures to perfect the appeal in this case and could have taken action to ensure that counsel was properly handling his case. This factor weighs slightly in favor of Appellant, because prosecution of the appeal was ultimately counsel's responsibility. However, this factor is not dispositive "because a client cannot always avoid

---

[1] The Court notes that under the common-law mailbox rule, "[i]f a document is properly mailed, the court will presume the United States Postal Service delivered the document to the addressee in the usual time," i.e., three business days. *Philadelphia Marine Trade Association–International Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147 (3d Cir.2008) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884); *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932)).

the consequences of the acts or omissions of [his or her] counsel." *See Poulis*, 747 F.2d at 868.

b. *Prejudice to the Adversary*

Appellant's Counsel suggests that the only possible prejudice to Appellee is the delay caused by his dilatoriness. (Docket No. 3). Prejudice generally equates to "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). In the context of the instant appeal, the Appellee has not sustained this type of prejudice. But, "irremediable harm" is not required. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) (holding that "irremediable harm" is not required). Indeed, the failure of Appellant to file his statement of issues on appeal has prevented Appellee from preparing any litigation strategy to counter the appeal, which is sufficient to find some prejudice against Appellee. *Cf. Ware,* 322 F.3d at 222 ("the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."). Moreover, Appellant's filing of a statement of issues on appeal in conjunction with the present motion has not cured this prejudice because there is no certificate of service attached to the motion demonstrating that this pleading has been served on the opposing party. (*See* Docket No. 3, *generally*).

In addition, the Appellee prevailed before the Bankruptcy Court on the disputed issues in this case and the finality of such judgments is generally

furthered by setting forth deadlines for the prosecution of any appeals. *See* Fed.R.Bankr.P. 8006. Obviously, a full record is needed to litigate an appeal. As is discussed below, the Local Rules for the Western District of Pennsylvania reflect these principles by requiring parties to fully prepare their appeals prior to transmission to this Court. W.D.Pa.LCvR 8007-2.B.3. Appellant's Counsel failed to fully prepare the appeal in this case and the record on appeal is now closed, undermining these principles and prejudicing the Appellee.

Given these competing considerations, the Court finds that this factor weighs slightly in favor of Appellee.

c. *History of Dilatoriness*

The record demonstrates that Appellant failed to timely meet the requirements of Rule 8006 to perfect the appeal before the Bankruptcy Court and did not seek any extensions of time to submit the required documents. (*See* Docket No. 1 and attachments). This factor weighs heavily against Appellant given the repeated dilatory conduct in failing to prosecute the instant appeal or follow the time limits set forth in the Local Rules and Rules of Bankruptcy Procedure. "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court." *Poulis*, 747, F.2d at 686.

In the present motion, counsel suggests that the delay in this case amounted to only 15 days because the deadlines were extended by the Clerk

of Court through certain correspondence sent to him. (Docket No. 3 at ¶ 26). The Court finds this to be an affront to the Bankruptcy Court's authority and devoid of any support in the record. The record clearly shows that counsel never sought leave of court to extend any deadlines but that the Clerk of Court repeatedly advised him that his filings were deficient and warned of certain action to be taken against Appellant, including dismissal of the appeal, if counsel did not act within a certain time period. (*See* Docket No. 1 and attachments). A review of the correspondence from the Clerk's Office shows that counsel failed to respond to any of their warnings concerning the deficiencies in his filings and failure to comply with Rule 8006. (*Id.*).

The problems with this appeal started from the very beginning as the initial Notice of Appeal filed on July 6, 2012 was deficient in that it stated that the appeal was brought by "Michelle L. Weyandt" rather than by the Appellant in this case.[2] (Docket No. 1-15). This error caused the Clerk's Office to send out a deficiency notice to Appellant on July 9, 2012 which states that counsel should <u>immediately</u> file a revised notice of appeal to correct the deficiency. (Docket No. 1-18 (emphasis added). Appellant filed his revised notice of appeal, changing the name to "Tenell Dalton" in the notice but did not do so until July 31, 2012. (Docket No. 1). In this Court's opinion, changing two words on a document within 22 days is hardly the type of immediate action requested by the Clerk of Court.

---

[2] The Court notes that Ms. Weyandt was a party to appeals in three related cases brought by Appellant's Counsel on her behalf. Civ. A. Nos. 11-957, 11-1012, 11-1013.

A second deficiency notice was sent on the same day by Deputy Clerk Gerri Lynn Brown of the Bankruptcy Court which set forth the requirements necessary to prosecute the appeal. (Docket No. 1-16). In closing, the letter advises that:

> Finally, your attention is directed to W.PA.LBR 8007-1 "Appeal to the District Court from the Bankruptcy Court," which requires the Clerk of the Bankruptcy Court to transmit to the District Court a partial record on appeal, after fourteen days' notice, if the appellant fails to designate a record on appeal or otherwise fails to designate a record on appeal or otherwise fails to comply with Federal Rule of Bankruptcy Procedure 8006. **Failure to comply may result in dismissal of the appeal.**

(*Id.* at 1 (emphasis added)). By virtue of this notice, Appellant was advised to consult the Local Rules which provide that failure to submit the necessary materials under Rule 8006 and W.Pa.LBR 8007-1 within 14 days or by **July 23, 2012** may result in transmission of a partial record and dismissal of the appeal. (*Id.*). The certificate of notice shows that this document was served on counsel by email and mailed to Appellant at the address provided. (Docket No. 1-17).

Appellant's Counsel took no action in response to this letter.

Then, on July 23, 2012, the Clerk's Office submitted a Notice of Intention to Transmit Partial Record which states that a partial record on appeal would be transmitted within 15 days because: "Appellant has failed to designate the contents of the record on appeal within the time required by Bankruptcy Rule 8006" and "Appellant has failed to file a statement of issues on appeal within the time required by Bankruptcy Rule 8006." (Docket No. 1-22). In this third

deficiency notice, the Clerk's Office advised that the record would be transmitted to this Court by **August 7, 2012**. (*Id.*). The certificate of notice shows that this document was served on counsel by email and mailed to Appellant at the address provided on the docket. (Docket No. 1-23).

Again, no action was taken by Appellant's Counsel in response to this notice.

The Clerk's Office did not take immediate action as their threatened August 7, 2012 date for submission of the partial record passed. Instead, the Clerk's Office retained the matter an additional 10 days, until August 17, 2012. At that time, the Clerk of Court forwarded a Notice of Partial Appeal to this Court noting that Appellant had failed to submit the designations of the appellate record. (Docket No. 1-25).

The instant appeal was assigned to this Court on August 21, 2012. (Docket No. 1). This Court reviewed the file and dismissed the matter for Appellant's failure to meet the requirements under Rule 8006. (Docket No. 2). This decision is fully supported by the Local Rules of Court, which states that the district court may dismiss a partial appeal submitted without a designation of the record on appeal or a statement of issues on appeal "upon its own motion." W.D.Pa.LCvR 8007-2.B.3.

This Court's review of the above demonstrates a flagrant disregard for the rules and a complete failure to submit the required materials under Rule 8006 by the July 23, 2012 deadline. Appellant was also given a period of nearly a month to cure his defects through the multiple notices sent by the Clerk's

Office but took no action to ensure that the appeal was perfected and did not request any extensions of time from the Bankruptcy Court.  Appellant was warned that failure to perfect his appeal would result in dismissal through the notices from the Clerk of Court and the Local Rules are clear that dismissal is appropriate as a result of these failures. (Docket Nos. 1-16, 1-17, 1-22, 1-23).  The administrative burden on the Court that counsel's delays have caused cannot be overstated and will not be tolerated.  In all, the clear history of dilatoriness by Appellant's Counsel firmly supports dismissal of this case. *See In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 97 (3d Cir. 2006) (quoting *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir.1985)) ("[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.").

The Court further finds that the submission of the statement of issues on appeal and designation of the record on appeal in the first instance before this Court does little to cure the past dilatoriness. (*See* Docket Nos. 3-2, 3-3).  The Local Rules of the Bankruptcy Court and this Court clearly set forth that those matters should be filed with the Bankruptcy Court in the first instance.  These procedures enable the Bankruptcy Clerk to complete and certify the appellate record to this Court.  Counsel's conduct has undermined these procedures and, if the case is reopened would place additional undue administrative burdens on both courts.

    d.   *Wilfullness / Bad Faith / Alleged Excusable Neglect*

Appellant's Counsel argues that his conduct does not constitute willfulness or bad faith and suggests that his reasons for failing to timely submit the required appeal documents constitute excusable neglect. (Docket No. 3). As these issues are somewhat interrelated, the Court will discuss them together.[3] Appellant's Counsel claims that his failures are the result of "calendaring errors" and "administrative errors" at his office, and an "overburdening" amount of work on other cases, which he describes in the motion. (Docket No. 3 at ¶¶ 19-24). However, he also admits that he had time to go on his vacation for a full week from July 10, 2012 through July 18, 2012. (*Id.* at ¶ 22).

The United States Court of Appeals for the Third Circuit has noted that when the moving party has claimed excusable neglect based on inadvertence, district courts should consider whether: 1) the inadvertence reflected professional incompetence; 2) it is an excuse incapable of verification by the court; and 3) the reason demonstrates a complete lack of diligence. *Welch & Forbes, Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 233 F.3d 188, 196, n. 8 (3d Cir. 2000) (citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)). All three of these factors weigh against finding excusable neglect here. Counsel's excuses cannot be easily verified by the

---

[3] "In considering whether a party's neglect is excusable, the Supreme Court has directed courts to look specifically to 1) the danger of prejudice to the opposing party, 2) the length of delay and its potential impact on the proceedings, 3) the reason for the delay, and 4) whether the movant acted in good faith." *Nesselrotte v. Allegheny Energy, Inc.*, CIV.A. 06-01390, 2009 WL 230703, at *8 (W.D. Pa. Jan. 30, 2009) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993)). However, "while prejudice to the opposing party, disruption of efficient judicial administration, and bad faith are frequently absent, the mere fact that 'those factors may nearly always favor' the moving party does not mean that they can be ignored." *Ragguette v. Premier Wines & Spirits*, App. No. 11-2553, --- F.3d ----, 2012 WL 3346313 (3d Cir. Aug. 15, 2012)

Court as he has not submitted an affidavit or any other evidence to verify his alleged reasons for failing to prosecute this appeal.  *See Consolidated Freightways Corp. of Delaware v. Larson et al.*, 827 F.2d 916 (3d Cir. 1987) (noting that a mistake an attorney's calendar is among a host of excuses which are "easily manufactured" and "incapable of verification by the court."). Counsel's failure to follow the Rules of Court and his failure to monitor Court Orders and notices from the Clerk of Court and timely prosecute this appeal certainly reflect professional incompetence and demonstrate a complete lack of diligence.  Attorneys have a duty to their clients to diligently pursue matters and must do so despite other business pressures and personal matters such as a week-long vacation.  *See Ragguette v. Premier Wines & Spirits*, 11-2553, 2012 WL 3346313 (3d Cir. Aug. 15, 2012) ("It is well established that a busy caseload generally does not constitute a basis for a finding of excusable neglect."); *see also Consolidated Freightways*, 827 F.2d at 919 (noting that failure to arrange for coverage during an attorney's vacation shows that tardiness is the result of "counsel's failure to provide for a readily foreseeable circumstance.").  The lack of diligence displayed here is strongly indicative of professional incompetence.

Further, as is discussed above, if deadlines cannot be met due to these or other factors, counsel are expected to move the court for an extension of time to meet the deadlines and should not rely on the Clerk's Office staff to inform them of such deadlines or deficiencies in their filings.  *See Poulis*, 747, F.2d at

686.  Appellant's Counsel did not do so.  As such, there is simply no record of excusable neglect in this case.

With respect to willfulness and bad faith faith, courts have recognized that neither can be established through mere negligence or inadvertent behavior. *See Briscoe*, 538 F.3d at 262.  If Appellant's Counsel's excuses are accepted at face value, this type of conduct shows, at most, gross negligence for his failure to prosecute the instant appeal by timely submitting the required appeal documents.  There is also no evidence of "intentional or self-serving behavior" on the part of Appellant's Counsel for his lack of action and it was apparently not taken in an effort to disrupt these proceedings.  *Id.*  Indeed, the opposite has occurred here as his failure to act has effectively put his client out of court.

In all, while there is presently no evidence before the Court of willfulness or bad faith, there is certainly no evidence supporting a finding of excusable neglect.  As such, this factor weighs in favor of dismissal.

e. *Effectiveness of Sanctions Other than Dismissal*

With respect to this factor, Appellant's Counsel has not suggested any alternative sanctions to dismissal of this case.  (*See* Docket No. 3).  He suggests simply that the Court should reopen the case without penalty.  The Court finds that no other alternative sanctions (including, potentially, a fine, assessment of costs or other sanction) would be appropriate given that the Appellant appears to have financial hardship given the filing of a Chapter 13 bankruptcy case and the fact that the property where Appellant resides is

subject to foreclosure. While dismissal of the appeal is a harsh sanction, it is an acceptable sanction given that the Local Rules of Court clearly state that dismissal is warranted in the <u>exact circumstances</u> which are present in this case. *See* W.D.Pa. LCvR. 8007-2. The Clerk of Court issued several notices to Appellant and Appellant's counsel and the notices warned that dismissal may occur if they failed to appropriately follow the Rules. They did not heed the warnings nor comply with the Rules.

f. *Meritoriousness of Appeal*

The final consideration under *Poulis* is the meritoriness of the present appeal. *See Poulis*, 747 F.2d at 869-70. Appellant's proposed Statement of Issues on Appeal sets forth two convoluted questions which he seeks to adjudicate on appeal. (Docket No. 3-2). In much more succinct terms, it appears that Appellant seeks to challenge the Bankruptcy Court's ruling granting Appellee's motion for relief from the stay which permits it to foreclose on the residence and dismissing the Appellant's bankruptcy case, without prejudice. (Docket Nos. 1-11, 1-13). Appellant's Counsel suggests that the "issue on appeal is obvious based on the appealed order from the Bankruptcy Court and the hearing notes related to those orders." (Docket No. 3 at ¶ 27). But, the Bankruptcy Court's summary order states that only that the decision rendered was based on findings made "on the record" and no transcript has been provided at this time. (Docket No. 1-13). All that is "obvious" is that more information is needed and is not before this Court due to Counsel's inexcusable conduct.

Appellant's Counsel also posits that the present appeal involves a "matter of first impression in the Third Circuit, specifically the treatment of a reverse mortgage in the bankruptcy context." (Docket No. 3 at ¶ 14). However, he does not point to any case law supporting the position he advocated before Judge Fitzgerald and does not identify any supposed errors in her reasoning below. (*See* Docket No. 3). As such, based on the present record, Appellant's Counsel has not demonstrated that this appeal is meritorious. Therefore, consideration of this factor does not favor Appellant.

g. *Balancing the Poulis Factors*

After a careful balancing of the *Poulis* factors, the Court finds that this case was properly dismissed. For the reasons stated above, Counsel's repeated dilatory behavior is not excusable and no sanctions other than dismissal in accordance with W.D.Pa. LCvR. 8007-2 are more appropriate. In addition, the remaining *Poulis* factors do not compel the Court to reopen this case.

2. Therefore, Appellant's Motion [3] is denied to the extent that Defendant seeks to reopen this matter or leave to submit Designation of the Record and Statement of the Issues *Nunc Pro Tunc*.

3. IT IS SO ORDERED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

cc: Kevin T. McQuail, Esq.
Marisa Myers Cohen, Esq.
McCabe Weisberg & Conway
123 South Broad St., Suite 2080
Philadelphia, PA 19109

The Honorable Judith K. Fitzgerald
U.S. Bankruptcy Court, Western District of PA
5490 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219